Defendant-appellant, Lesley Alan Crosby, was tried by jury in the Fayette County Court of Common Pleas and found guilty under the complicity statute of theft by deception in violation of R.C. 2913.02, and from the judgment and sentence thereupon entered in the trial court, appellant has filed a delayed appeal to this court. Specifically, appellant was charged with abetting Darrell Robinson in taking $1,500 from Dorothy Pensyl, an elderly woman, for making home repairs which were estimated to be worth only $183.50.
In the appeal, appellant has set forth two assignments of error, the first of which has been stated as follows:
 THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION AND UNDER THE FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS THE VERDICT OF GUILTY AND JUDGMENT OF CONVICTION WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
While the alleged error seeks some comfort from the United States Constitution and the Ohio Constitution, the relevant inquiry in this case is whether any reasonable trier of fact could have found from the evidence that appellant was guilty beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380; State v. Jenks (1991), 61 Ohio St.3d 259. See, also, State v. Martin (1983), 20 Ohio App.3d 172. And with a view to the particular evidence presented in this case, it is well to remember that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Moreover, in the comparatively recent case of State v. Thompkins,78 Ohio St.3d 380, the Supreme Court approved of the manifest-weight standard set forth in State v. Martin, 20 Ohio App.3d 172, as follows:
 In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
In the application of the governing principles thus elucidated by the Supreme Court, the cumulative evidence presented by the state in this case, when coupled with the only reasonable inferences deducible therefrom, was sufficient to sustain the conviction by the requisite degree of proof. To be sure, there is nothing in the record to suggest that the jury was misguided or lost its way, and the first assignment of error is overruled.
The second assignment of error has been presented by appellant as follows:
 THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION AND UNDER THE FIFTH, SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS THE TRIAL COURT FAILED TO FULLY AND PROPERLY INSTRUCT THE JURY ON ALL LEGAL ISSUES RAISED DURING THE TRIAL.
In support of this alleged, appellant has submitted two arguments. Initially, appellant contends that the trial court did not modify the word "suspicion" with the adjective "grave" when it instructed the jury relative to the testimony of his accomplice, Darrell Robinson, as required by R.C. 2923.03(D). Secondly, appellant urges that the instructions do not adequately refer to the value of the property alleged to have been stolen.
In a very narrow sense, both of appellant's arguments bear some merit, but it is inconceivable that either of the alleged discrepancies in the instructions had any material effect upon the outcome of this case. Furthermore, a party "may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider the verdict, stating specifically the matter objected to and the grounds of the objection." Crim.R. 30(A). See, also, State v. Underwood (1983), 3 Ohio St.3d 12; State v. Long (1978), 53 Ohio St.2d 91.
Here, the express finding of the jury that the value of the property stolen was "$300.00 or more" is responsive to the evidence, and the omission of the statutory word "grave" from the instructions was hardly determinative in the jury's resolution of the conflicts in the evidence. Notice of plain error under Crim.R. 52(B) is only to be taken with the utmost caution and under exceptional circumstances (State v. Sneed [1992], 63 Ohio St.3d 3), but nothing unusual surfaces from the instructions in this case. Hence, the second assignment of error is overruled.
Finding no prejudicial error in the record, the judgment will be affirmed.
YOUNG, P.J., and POWELL, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.